# NO. 12-09-00244-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *MARY EDMISTON, APPELLANT* | § | *APPEAL FROM THE* |
| *V.* | § | *COUNTY COURT AT LAW OF* |
| *WELLS FARGO BANK, N.A., APPELLEE* | § | *CHEROKEE COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Mary Edmiston appeals from the order of the county court at law dismissing her appeal from a default judgment in a forcible detainer action. Wells Fargo Bank, N.A. confesses error through a motion requesting remand. We reverse the trial court's dismissal order and remand for further proceedings.

## BACKGROUND

Wells Fargo Bank, N.A. filed a forcible detainer action in the justice of the peace court, precinct number 3, position 1, of Cherokee County, Texas, alleging the bank owned property that certain individuals, including Edmiston, were occupying. The bank alleged further that it had purchased the property at a nonjudicial foreclosure sale, and had made written demand for the occupants to vacate the premises. However, the occupants refused to vacate. Ultimately, the justice court signed a default judgment awarding the bank possession of the property.

Edmiston and another occupant attempted to appeal the default judgment to the county court at law by filing notices of appeal and pauper's affidavits. The bank did not contest either affidavit. The county court at law, sua sponte and without a hearing, found that "all affidavits concerning indigency filed by the Defendant do not comply with TRCP 145." The court further found that "the Defendant[s] failed to comply with TRCP 143a." Consequently, the court dismissed the appeals and ordered the court clerk to "return all papers in this Cause to the Justice Court having original jurisdiction and

said Court shall proceed as though no appeal had been attempted." Edmiston appeals the dismissal order.

## DISCUSSION

Edmiston argues in her sole issue that the trial court erroneously concluded Texas Rules of Civil Procedure 143a and 145 apply to pauper's affidavits filed in an appeal from a judgment in a forcible detainer action. We agree.

Texas Rule of Civil Procedure 749a prescribes the procedure for filing a pauper's affidavit in a forcible detainer action. As pertinent here, the rule provides as follows:

> A pauper's affidavit will be considered approved upon one of the following occurrences: (1) the pauper's affidavit is not contested by any party; (2) the pauper's affidavit is contested by the other party and upon a hearing the justice determines that the pauper's affidavit is approved; or (3) upon a hearing by the justice disapproving of the pauper's affidavit the appellant appeals to the county judge who then, after a hearing, approves the pauper's affidavit.

TEX. R. CIV. P. 749a. In this case, Edmiston filed a pauper's affidavit in which she stated that she was unemployed, had no assets other than a small amount of cash, and had various monthly expenses, which she listed. The bank did not contest the affidavit. Therefore, under the plain language of the rule, Edmiston's pauper's affidavit is considered approved and she is entitled to proceed with her appeal without payment of costs. *See id.* Accordingly, the trial court erred in disapproving Edmiston's pauper's affidavit and dismissing the appeal. We sustain Edmiston's sole issue.

## CONCLUSION

The bank filed a motion informing this court that it "has found no authority indicating that the pauper's affidavit in this case must be controlled by anything other than Rule 749a of the Texas Rules of Civil Procedure." The bank further states that it did not contest Edmiston's pauper's affidavit and agrees that the affidavit must be considered approved. Therefore, it requests, in the interest of expedience, that this case be remanded to the county court at law for a speedy trial on the merits. We grant the bank's motion. Having sustained Edmiston's sole issue and granted the bank's motion, we *reverse* the order of the county court at law dismissing Edmiston's appeal and *remand* the case to the county court at law for further proceedings consistent with this opinion.

Texas Rule of Appellate Procedure 39.8 requires the clerk of this court to provide the parties a specified form of notice at least twenty-one days before argument or submission without argument. *See* TEX. R. APP. P. 39.8. To expedite a decision, rule of appellate procedure 2 authorizes a court on its own initiative to suspend the operation of a rule in a particular case. TEX. R. APP. P. 2. The bank has requested immediate relief.

Therefore, on our own initiative, we have applied rule 2 and submitted the case without the notice required by rule 39.8.

**BRIAN HOYLE**
Justice

Opinion delivered February 10, 2010.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)
